Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Erica R. Crosby;<br><br>   Plaintiff,<br><br>v.<br><br>LVNV Funding, LLC; and<br>Richard J. Boudreau & Associates, LLC;<br><br>   Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

### I.  Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In the course of attempting to collect a debt, Defendants intentionally engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

### II.  JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue

lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### III.  PARTIES

3. Plaintiff is a resident of Maricopa County, Arizona.
4. Plaintiff is a natural person who is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company that regularly uses the courts in Arizona to collect consumer debts.
7. LVNV collects or attempts to collect debts owed or asserted to be owed or due another, or debts which it claims to have purchased or to have been assigned after default.
8. LVNV is a "debt collector" as that term is defined by FDCPA § 1692a(6).
9. Defendant Richard J. Boudreau & Associates, LLC ("Boudreau") is a consumer debt collection law firm with its primary business located in the state of New Hampshire.
10. Boudreau regularly collects or attempts to collect debts owed or asserted to be owed or due another, from residents within the State of Arizona.
11. Boudreau is a "debt collector" as that term is defined by FDCPA § 1692a(6).
12. Boudreau collection actions taken against Plaintiff were taken on behalf of, and as agent for, LVNV.

## IV.  Factual Allegations

13. In April 2007, Plaintiff incurred a debt with American General Financial Services ("AGFS") to purchase furniture for her home.

14. The AGFS is a "debt" under the FDCPA as it was incurred for personal, family, or household purposes.

15. Sometime thereafter, the AGFS debt went into default and was assigned to various third party collection agencies.

16. In or about November 2010, Plaintiff made payment arrangements with one of AGFS's collection agencies, and settled the debt save $527.90.

17. Subsequent to settlement, and upon information and belief, AGFS sold or assigned Plaintiff's furniture account to LVNV for collection purposes.

18. On or about July 15, 2013, LVNV assigned the AGFS debt to Financial Recovery Services, Inc. for collection purposes.

19. Financial Recovery sent a letter to Plaintiff dated July 15, 2013 stating that it represented Resurgent Capital Services, LP, and that Plaintiff owed a debt to LVNV.

20. Upon information and belief, Resurgent Capital Services, LP is a sister company to LVNV.

21. At that time, Resurgent Capital was collecting the alleged debt on behalf of LVNV.

22. With 30 days of the receipt of the letter from Financial Recovery, Plaintiff sent a letter to Financial Recovery disputing the debt and requesting verification.

23. On August 28, 2013, Plaintiff also sent a letter directly to LVNV

1  disputing that she owed the alleged debt and requesting verification.
2  24. LVNV received Plaintiff's letter on September 3, 2013.
3  25. This letter was the first communication directly between LVNV and Plaintiff concerning the alleged debt.
4  26. Subsequent to receiving Plaintiff's letter, and without first providing verification to Plaintiff, LVNV assigned the alleged debt to Boudreau for collection purposes.
5  27. Upon information and belief, at the time LVNV assigned the account to Boudreau, it failed to communicate to Boudreau that Plaintiff disputed owing the debt.
6  28. Upon information and belief, at the time LVNV assigned the account to Boudreau, it communicated false information concerning the alleged debt to Boudreau, including information that Plaintiff owed LVNV the amount of $2,111.60.
7  29. On or about September 6, 2013, Boudreau mailed or caused to be mailed a collection letter to Plaintiff concerning the AGFS debt. (A copy of the Boudreau letter is attached hereto as Exhibit A.)
8  30. In Exhibit A, Boudreau failed to identify its client, or the current owner of the alleged debt as required by 15 U.S.C. § 1692g(a)(2).
9  31. Within 30 days of receiving the letter from Boudreau, Plaintiff sent Boudreau a letter disputing the debt and requesting verification.
10 32. Boudreau received Plaintiff's letter on September 17, 2013.
11 33. Boudreau never provided verification of the debt to Plaintiff.
12 34. LVNV has never provided verification of the debt to Plaintiff.
13 35. Subsequent to directly receiving Plaintiff's dispute letter, and after its

       agents received at least two dispute letters, LVNV has continued to attempt to collect this alleged debt from Plaintiff without providing verification.

36. Upon information and belief, in March, April, May and June 2014, LVNV has communicated directly with one or more of the national consumer reporting agencies information concerning the alleged debt which is false and misleading.

37. Upon information and belief, in March, April, May and June 2014, LVNV has communicated directly with one or more of the national consumer reporting agencies information concerning the alleged debt without notifying one or more of the reporting agencies that Plaintiff disputes the alleged debt.

38. LVNV reported the alleged debt to one or more of the consumer reporting agencies to assist it in the collection of the alleged debt.

39. As a result of Defendants' actions as outlined above, Plaintiff has suffered actual damages including, but not limited to, anxiety, invasion of privacy, loss of opportunity, and other extreme emotional distress.

40. Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff' rights, and part of Defendants' persistent and routine practice of debt collection.

41. In the alternative, Defendants' actions were negligent.

## V.  Causes of Action

### a. Fair Debt Collection Practices Act

42. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

43. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.

44. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Actual damages under the FDCPA;

b) Statutory damages under the FDCPA;

c) Costs and reasonable attorney's fees pursuant to the FDCPA; and

d) Such other relief as may be just and proper.

DATED   August 19, 2014  .

s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff